UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MUNCEY MORRIS,

        Petitioner,               Civil No. 1:11-CV-10938
                                                    Honorable Thomas L. Ludington

v.

NEWBERRY CORRECTIONAL FACILITY,
PRISON HEALTH SERVICES, BARRY
DAVIS, PEGGY A. GREEN, K. WARREN,
QUNLAN, SALLY, JEFF JAMES, GLENDA,
MCCLURG, SHANTI GOPAL, HOOD,
JOHN DOE(S), and JANE DOE(S),

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL COPIES OF COMPLAINT

Plaintiff Muncey Morris filed a pro se civil rights complaint, challenging the conditions of his confinement in Michigan state prisons, on March 9, 2011. Plaintiff is a state inmate currently incarcerated at the Charles Egeler Reception and Guidance Center (RGC) in Jackson, Michigan. Plaintiff names the following defendants: Newberry Correctional Facility (NCF); Prison Health Services; Barry Davis, the warden at NCF; Peggy A. Green, a nurse; K. Warren, a corrections officer; Quinlan, a nurse; Sally, a nurse; Jeff James, a nurse; Glenda McClurg, a health unit manager; Dr. Shanti Gopal; Hood, a hearing investigator; and an unspecified number of John Doe and Jane Doe defendants.

Plaintiff's complaint alleges that he suffers from a serious medical condition which causes him to be at risk of falling from his bunk. He states that he has fallen from his bunk on several occasions. He claims that he suffered injuries to his shoulder, neck and head from at least one of these falls and maintains that he continues to be at risk of suffering additional injuries from falls.

Plaintiff claims that the defendants have been deliberately indifferent to his medical needs because they have failed to treat him for fall-related injuries, failed to attempt to discover the cause of his falls, and failed to accommodate his medical condition so as to reduce the risk of falls. Plaintiff seeks monetary relief.

I.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint that seeks redress against government entities, officers, and employees that it finds to be frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and footnote omitted).

II.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded pro se plaintiffs, the Court finds that Plaintiff fails to state a claim upon which relief may be granted against the Newberry Correctional Facility, Barry Davis, and Hearing Officer Hood.

A.

The Newberry Correctional Facility is an arm of the State of Michigan. As such, it is neither amenable to suit under § 1983 nor is it a "person" who may be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a state or state agency is not a "person" subject to suit under § 1983); *Gresham v. Peterson*, No. 2:09-cv-231, 2010 WL 3805924, at *1 (W.D. Mich. Sept. 27, 2010) (holding that a correctional facility owned and operated by the Michigan Department of Corrections is not a "person" subject to suit under § 1983 and is entitled to Eleventh Amendment immunity). Accordingly, Plaintiff's claims against the Newberry Correctional Facility will be dismissed.

B.

Defendant Barry Davis was the warden at the Newberry Correctional Facility at the time of Petitioner's incarceration there. Plaintiff appears to be basing his allegations against Davis on the actions of health care professionals and a correctional officer at Newberry Correctional Facility who,

Plaintiff alleges, were deliberately indifferent to his medical needs. The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). In this case, Plaintiff has not alleged any specific conduct by Davis that would support a finding that he directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, Plaintiff fails to state a claims against Davis and his dismissal from the suit is warranted.

C.

Plaintiff also names hearings investigator Hood as a defendant. He claims that Hood interfered with his right of access to the courts by failing to send grievance appeals forms to Plaintiff.[1] Plaintiff has no constitutional right to an effective grievance procedure. *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009, at *1 (6th Cir. Feb. 22, 1991). Thus, Defendant Hood's alleged failure to follow the procedure does not give rise to a constitutional claim. *Id.*

Additionally, Plaintiff claims that Hood has interfered with his right of access to the courts

---

[1] While a Michigan hearing officer is generally afforded absolute judicial immunity for actions taken in the course of exercising the duties of a hearings officer, *Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988), absolute judicial immunity has not been definitively extended to hearing investigators. *See Oliver v. Vasbinder*, No. 08-11768-BC, 2010 WL 779178, *3 (E.D. Mich. Mar. 4, 2010) (noting the absence of published case law extending absolute judicial immunity to hearing investigators).

by failing to provide him a grievance appeals form. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). For a prisoner to prevail on an access to the courts claim the prisoner "must plead and prove prejudice stemming from the asserted violation. . . . Plaintiffs [must] allege [a] litigation-related detriment." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff makes no such showing. He neither alleges nor establishes prejudice, *i.e.*, that any of his constitutionally guaranteed legal proceedings have been compromised by any asserted deficiencies at the prison. He has thus failed to state a claim that his constitutional right of access to the courts has been denied.

### III.

Accordingly, it is **ORDERED** that Plaintiff's claims against Defendants: Newberry Correctional Facility, Barry Davis, and Hood are **DISMISSED** for failure to state a claim.

The Court determines that service of the complaint is appropriate on the remaining defendants, Prison Health Services, Peggy A. Green, K. Warren, Quinlan, Sally, Jeff James, Glenda McClurg, Shanti Gopal, John Doe(s), and Jane Doe(s). However, the Court may not, at this time, direct service of the complaint upon the remaining defendants because Plaintiff has not filed a sufficient number of copies for service. *See* Fed R. Civ. P. 4(c)(1) ("The plaintiff . . . shall furnish the person effecting service with the necessary copies of the . . . complaint").

Therefore, it is **ORDERED** that Plaintiff is directed to file eight copies of his complaint with

the Court on or before **September 2, 2011**. Failure to file the required copies may result in the dismissal of the complaint.

                                                        s/Thomas L. Ludington  
                                                      THOMAS L. LUDINGTON  
                                                      United States District Judge

Dated: August 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Muncey Morris, #448131, at Charles Egeler Reception and Guidance Center Annex, 3855 Cooper Street, Jackson, MI 49201 first class U.S. mail on August 8, 2011.

                               s/Tracy A. Jacobs  
                               TRACY A. JACOBS