UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MUNCEY MORRIS,

                Plaintiff,

v.                                                          Case Number 11-cv-10938
                                                          Honorable Thomas L. Ludington

NEWBERRY CORRECTIONAL
FACILITY et al.,

                Defendants.
_____/

**OPINION AND ORDER OVERRULING OBJECTION, ADOPTING REPORTS AND RECOMMENDATIONS, AND GRANTING DEFENDANTS' MOTIONS TO DISMISS**

In this prisoner civil rights case, Plaintiff Muncey Morris, an inmate in the custody of the Michigan Department of Corrections, brings suit against 32 defendants. Alleging that Defendants have violated Plaintiff's Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs, Plaintiff brings claims pursuant to 42 U.S.C. § 1983.

A number of Defendants have moved to dismiss Plaintiff's claims against them. Magistrate Judge R. Steven Whalen issued three reports and recommendations on eight of the pending motions to dismiss on February 11, 2013. ECF Nos. 76–78.

The first report and recommendation addresses the motion to dismiss filed by Defendants Jon Walker, Scott King, Corizon Company, Stuart Campbell, and Carl Keldie. ECF No. 34. Judge Whalen recommends that the Court grant the motion and dismiss the complaint with prejudice. ECF No. 76.

The second report and recommendation addresses the motions to dismiss filed by David Waymire. ECF Nos. 38, 45.[1] Judge Whalen recommends that the Court grant the motion and dismiss the complaint with prejudice. ECF No. 77.

And the third report and recommendation addresses the motions to dismiss filed by Lee Sherman, Duncan Howard, Jeffrey Stieve, Heidi Washington, Maxine Collard, and Kirk Warren. ECF Nos. 46, 48, 54. Judge Whalen recommends that the Court grant the motions and dismiss the complaint without prejudice. ECF No. 78. Judge Whalen explains that Plaintiff has not exhausted his administrative remedies. Under the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e, dismissal for lack of administrative exhaustion is without prejudice. *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006).

Any party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* The Court is not obligated to review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

On February 26, 2013, Plaintiff filed a "motion of objection." ECF No. 81. In his motion, Plaintiff cites all three reports and recommendations and writes: "Plaintiff concedes with the reports and agrees with the dismissals. However, on DOC# 78 the entire claim was not presented properly and the grievance process was interfered with." Pl.'s Mot. of Objection ¶¶ 1–2 (paragraph break omitted). He continues: "[P]laintiff strongly requests that this court to see

---

[1] Defendant Waymere filed the same motion to dismiss twice. ECF Nos. 38, 45. It is not obvious why.

this objection as to present ALL THE FACTS to this honorable court. This [will] allow justice to be sought. The medical system is extremely flawed." *Id*. ¶ 3.

Plaintiff does not, however, elaborate on the relief he seeks in his "motion of objection." Nor does he identify any errors in Judge Whalen's report and recommendation. Rather, Plaintiff appears to make a generalized objection to the conclusions of the third report and recommendation (ECF No. 78). This, however, does not qualify as "an 'objection' as that term is used in this context." *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 747–48 (E.D. Mich. 2004) (Cleland, J.). As Judge Cleland explains,

> A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. . . .
>
> A general objection to the magistrate's report has the same effect as a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Id*. at 747–48. Plaintiff's objection must therefore be overruled.

This is not to suggest that Plaintiff will not be able to seek the relief he evidently seeks. Because the complaint is being dismissed without prejudice as to the defendants discussed in the third report and recommendation (ECF No. 78), Plaintiff will have an opportunity "to present ALL THE FACTS" regarding these defendants.

Accordingly, it is **ORDERED** that Judge Whalen's reports and recommendations (ECF Nos. 76–78) are **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion of objection (ECF Nos. 81) is **DENIED** and Plaintiff's objection **OVERRULED**.

It is further **ORDERED** that Defendants' motions to dismiss (ECF Nos. 34, 38, 45, 46, 48, 54) are **GRANTED**.

It is further **ORDERED** that the claims against Defendants Jon Walker, Scott King, Corizon Company, Stuart Campbell, Carl Keldie, and David Waymire are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the claims against Defendants Lee Sherman, Duncan Howard, Jeffrey Stieve, Heidi Washington, Maxine Collard, and Kirk Warren are **DISMISSED WITHOUT PREJUDICE**.

Dated: March 7, 2013

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Muncey Morris, #448131, at Charles Egeler Reception and Guidance Center, 3855 Cooper Street, Jackson, MI 49201-7547, by first class U.S. mail on March 7, 2013.

        s/Tracy A. Jacobs
        TRACY A. JACOBS