UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUNCEY MORRIS,

    Plaintiff,

-vs-

NEWBERRY CORRECTIONAL
FACILITY, ET AL.,

    Defendants.
                                 /

No. 11-10938
District Judge Thomas L. Ludington
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

    Plaintiff Muncey Morris, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has brought an action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Before the Court are a Motion to Dismiss filed by Defendants Peggy Green and Brenda McClurg [Doc. #70], and a Motion to Dismiss filed by Defendant Jeff James [Doc. #74], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has not filed a response to these motions. For the reasons discussed below, I recommend that both motions be GRANTED, and that these Defendants be DISMISSED WITHOUT PREJUDICE.

**I.   FACTS**

    The operative complaint is Plaintiff's Second Amended Complaint, filed on March 19, 2012 [Doc. #19]. Plaintiff alleges in very general terms that he was denied adequate medical care for his serious medical needs. In his original complaint, filed on March 9, 2011, Plaintiff alleged that he has a history of falling out of his bunk at the prison, resulting in injuries to his shoulder, neck and head. He further alleged failure to properly

-1-

diagnose or treat his injuries/conditions, including the denial of follow-up treatment. Although Defendants Green and McClurg are not named in the Second Amended Complaint, Plaintiff alleged in his first complaint [Doc. #1], again in general terms, that Green, McClurg and James are all nurses; that Green did nothing when he fell out of his bunk, resulting in a delay in treatment;that McClurg, also a nurse, watered down his medications; and that James "refused to do his duty as a nurse" and stole medications from other patients. He alleges that McClurg, Green, James and all of the Defendants, by their actions and inactions, were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

Defendants have incorporated by reference the motion to dismiss filed by Defendants Heidi Washington, Lee Sherman, Jeffrey Steive and Duncan Howard [Doc. #46]. Appended to that motion as Exhibits is documentation as to 14 grievance appeals taken to Step III of the administrative process, filed by the Plaintiff. Neither McClurg, Green nor James are named in any of the grievances at Step I.

On January 15 and January 23, 2012, the Court ordered Plaintiff to respond to Defendants' motions by March 11, 2013. To date, Plaintiff has not filed a response.

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825,

149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008)*. Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

A dismissal for failure to exhaust is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)).

### III. DISCUSSION

The MDOC has a three-step grievance procedure set forth in Policy Directive 03.02.130, requiring that the individual being grieved be identified at Step I.[1] The Exhibits submitted with Doc. #46 reveal that Defendants Green, McClurg and James were not named at Step I, and Plaintiff has offered nothing to show otherwise. Thus, Plaintiff has not properly exhausted his administrative remedies in compliance with the MDOC's

---

[1] *See* P.D. 03.02.130, ¶ R. This Policy Directive is set forth in Exhibit A to Doc. #46.

procedures, and his complaint must therefore be dismissed as to these Defendants. *Woodford v. Ngo, supra*.[2]

### IV. CONCLUSION

For these reasons, I recommend that Defendants' Motions to Dismiss [Doc. #70 and Doc. #74] be GRANTED for failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), and that Defendants Green, McClurg and James be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The

---

[2] It is unclear whether Plaintiff has any pending grievances against these Defendants, but that is irrelevant in any event. A prisoner must complete the administrative process *before* filing a lawsuit in federal court. *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999).

response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 28, 2013                s/ R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 28, 2013, electronically and/or by U.S. mail.

                                      s/Michael Williams
                                      Case Manager to the
                                      Honorable R. Steven Whalen