UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUNCEY MORRIS,

     Plaintiff,

                                            No. 11-10938
-vs-                                   District Judge Thomas L. Ludington
                                            Magistrate Judge R. Steven Whalen

NEWBERRY CORRECTIONAL
FACILITY, ET AL.,

     Defendants.

                                    /

**REPORT AND RECOMMENDATION**

      Plaintiff Muncey Morris, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has brought an action under 42 U.S.C. § 1983, claiming deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. He has named 32 Defendants. To date, 20 Defendants have been dismissed. The case has been referred to the undersigned for general pretrial case management, including Reports and Recommendations as to all dispositive matters, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the complaint be DISMISSED WITHOUT PREJUDICE as to the following Defendants: (1) Nurse Sally, (2) Shanti Gopal, (3) John Doe, (4) Jane Doe, (5) Correctional Medical Services, (6) Jeffrey Steele, (7) Tyra S. McKinney. (8) Richard Hallworth, (9) Dennis Wade, (10) Mark Jansen, (11) Hariesh Pandya, and (12) Lawrence Pomeroy. I further recommend

-1-

that the Defendants identified as John Doe and Jane Doe, who have not been properly identified, also be DISMISSED WITHOUT PREJUDICE.

## I. FACTS

The operative complaint is Plaintiff's Second Amended Complaint, filed on March 19, 2012 [Doc. #19]. Plaintiff alleges in very general terms that he was denied adequate medical care for his serious medical needs. In his original complaint, filed on March 9, 2011, Plaintiff alleged that he has a history of falling out of his bunk at the prison, resulting in injuries to his shoulder, neck and head. He further alleged failure to properly diagnose or treat his injuries/conditions, including the denial of follow-up treatment. His Second Amended Complaint [Doc. #19] is somewhat hard to follow, but he appears to allege that Defendant Sherman, an R.N., failed to render medical treatment after his "fall out;" that Defendant Dr. Stieve, the MDOC's Chief Medical Officer, discontinued follow-up treatment; and that Defendant Howard, employed by the MDOC Bureau of Health Care Services, told him that medical decisions can be made via telemedicine, without the necessity of an examination. Defendant Collard, an RN supervisor, is alleged to have deprived Plaintiff of proper medical treatment by failing to contact the Pain Management Committee and request additional medications. Defendant Warren, a Corrections Officer, appears to be charged with retaliation.

The twelve named Defendants that are the subject of this Report and Recommendation have not been served, and the Defendants identified as John Doe, Jane

Doe, and "Nurse Sally" have not been sufficiently identified.

On July 2, 2014, I ordered Plaintiff to show cause why these Defendants "should not be dismissed without prejudice for failure to serve within the time limits set forth in Rule 4(m)." [Doc. #108]. Plaintiff has not responded to this show cause order.

## II.  DISCUSSION

Fed.R.Civ.P. 4(m) requires that service of process be made within 120 days of filing the complaint:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Under this Rule, a court may exercise its discretion to extend the time for service without any showing of good cause.  However, if the plaintiff does show good cause for failure to effect timely service, the court *must* extend the time.  *In re Lopez*, 292 B.R. 570, 574 (E.D.Mich. 2003) ("In other words, even in the absence of good cause, the court *may* grant an extension of time for service, but if good cause is shown, the court *must* extend.").

In *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001), the Court identified five factors informing a court's exercise of discretion under Rule 4(m):

> "whether: (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in

-3-

>having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process." (Citing *Wise v. Department of Defense*, 196 F.R.D. 52, 57 (S.D.Ohio 1999)).

In the July 2, 2014 show cause order, Plaintiff was given notice that these Defendants were not properly and timely served, and that they were subject to dismissal without prejudice. The order provided Plaintiff with the opportunity to demonstrate good cause for the failure to serve timely. He has not done so, and therefore the Court is not required to extend the time for service under Rule 4(m).

Moreover, although the Court has the discretion to grant an extension of time for service even without a showing of good cause, the *Slenzka* factors weigh against doing so. As to the first factor, a significant amount of time– more than three and on-half years–has passed since the complaint was filed. The second factor is neutral, in that the Defendants who were served have all been dismissed. The third factor weighs against Plaintiff, since there is no showing that any of these Defendants had actual notice of this lawsuit.

The fourth factor– prejudice to Plaintiff if the complaint is dismissed without prejudice– would weigh in Plaintiff's favor, since the three-year statute of limitations has run. While this might ordinarily favor extending the time for service, *see In re Lopez*, 292 B.R. 570 at 574 (E.D.Mich. 2003), the strength of the other factors, especially the very lengthy time that Plaintiff had to provide information as to where these Defendants could

be served, and the fact that Plaintiff has not seen fit to respond to my show cause order, augurs against the Court exercising its discretion in Plaintiff's favor.[1]

Finally, dismissal of "John Doe" defendants is proper where a plaintiff fails to identify and serve any Doe defendants within the 120 days provided for in Rule 4(m) of the Federal Rules of Civil Procedure. *See Petty v. County of Franklin, Ohio,* 478 F.3d 341, 345 (6th Cir.2007) (declining to find constructive notice where the plaintiff never substituted real names for the Doe defendants); *Searcy v. County of Oakland,* 735 F.Supp.2d 759, 771 (E.D.Mich.2010) ("Rule 4(m) applies equally to the pseudonymous defendants.")

### III. CONCLUSION

For these reasons, I recommend that the following Defendants be DISMISSED WITHOUT PREJUDICE: : (1) Nurse Sally, (2) Shanti Gopal, (3) John Doe, (4) Jane Doe, (5) Correctional Medical Services, (6) Jeffrey Steele, (7) Tyra S. McKinney. (8) Richard Hallworth, (9) Dennis Wade, (10) Mark Jansen, (11) Hariesh Pandya, and (12) Lawrence Pomeroy, (13) John Doe, and (14) Jane Doe.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR

---

[1] I nonetheless recommend dismissal without prejudice, since the statute of limitations is not a jurisdiction bar to refiling the lawsuit, and Plaintiff would have the opportunity to argue for equitable tolling. *See e.g., Holland v. Florida*, 560 U.S. 631, 645 (2010).

72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: October 31, 2014

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 31, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the Hon. R. Steven Whalen
